SNELL & WILMER L.L.P.
Steven T. Graham, Bar No. 105710
sgraham@swlaw.com
Howard M. Privette, Bar No. 137216
hprivette@swlaw.com
James P. Melendres, Bar No. 262630
jmelendres@swlaw.com
Sarah G. Odegaard, Bar No. 262931
sodegaard@swlaw.com
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Attorneys for Specially Appearing Defendants
Harvest Christian Fellowship & Greg Laurie

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN BARBU,<br>Plaintiff,<br>v.<br>HARVEST CHRISTIAN FELLOWSHIP, et al.,<br>Defendants.<br>---------------------------------------------------------<br>AND ALL CONSOLIDATED CASES | Case No. 5:25-cv-02428-SSS-MAA<br>[And all consolidated cases]<br>Hon. Sunshine S. Sykes<br>**RESPONSE OF SPECIALLY APPEARING DEFENDANT HARVEST CHRISTIAN FELLOWSHIP TO PLAINTIFFS' REQUEST FOR AN ORDER COMPELLING MEET AND CONFER;**<br>**REQUEST FOR ORDER SETTING STATUS CONFERENCE AND REQUIRING PLAINTIFFS TO COOPERATE IN PROVIDING INFORMATION** |

SNELL & WILMER L.L.P. LAW OFFICES 600 ANTON BLVD, SUITE 1400 COSTA MESA, CALIFORNIA 92626-7689

Specially Appearing Defendant Harvest Christian Fellowship ("Harvest") hereby respectfully responds to Plaintiffs' "Request for an Order to Compel Defendant Harvest Christian Fellowship to Meet and Confer with Plaintiffs" (the "Request").[1] As set forth herein, Harvest requests (1) that the Court order Plaintiffs to cooperate in Harvest's investigation of the unauthorized removal of privileged and confidential information identified in the Request, which should include providing factual answers to questions that Harvest has posed to them, but have gone unanswered, and (2) that the Court set a status conference to be held in approximately 10-14 days to discuss any further relief as may be appropriate to address this matter.[2]

The parties' requests for Court intervention are precipitated by the reckless procurement by Plaintiffs' counsel of "about 200,000 documents from an individual who is neither a lawyer nor a party in this case," which include an unknown number of privileged documents belonging to Harvest. To date, Plaintiffs' counsel has returned 16 privileged documents to Harvest's counsel, but has refused to answer any questions regarding how those documents were obtained, who has reviewed them, etc. Moreover, Plaintiffs' counsel has failed to confirm that they have destroyed their copies of the documents or otherwise deleted or removed them from their possession.

Upon review of the 16 documents, Harvest was able to confirm that they are privileged and, based on an initial investigation, it appears that the documents were taken from Harvest without authorization by someone who had access to records, attorney-client privileged correspondence, and data associated with the office of

[1] Though it is not styled as such, the Request appears to be functionally an ex parte application for relief from the Court. As such, the Request does not meet the requirements for an ex parte application established by Local Rule 7-19 and this Court's Civil Standing Order.

[2] As the Court is aware, Harvest intends to file a motion asking the Court to dismiss or stay this consolidated action based on the international abstention doctrine, comity, *forum non conveniens*, and related principles of judicial efficiency. By submitting this response and request, Harvest reserves all rights and does not waive any such defenses or arguments.

SNELL & WILMER L.L.P. LAW OFFICES 600 ANTON BLVD, SUITE 1400 COSTA MESA, CALIFORNIA 92626-7689

Harvest's Chief Financial Officer. Such access would include not only privileged communications with Harvest's counsel, but also confidential and private information relating to Harvest's finances, potentially including donor identities, employee records and compensation, bank records, and similar protected matters. Until Plaintiffs revealed the number of documents in their possession by including that information in the Request they filed with the Court ("about 200,000 documents"), Harvest was unaware of the scope of the issue – because Plaintiffs' counsel had previously refused to provide that information when asked by Harvest's counsel.

Instead, Plaintiffs' counsel has steadfastly refused to answer even the most basic questions about this disturbing misappropriation and taking of Harvest's privileged and confidential information. Shortly after being notified by Plaintiffs' counsel simply that "we inadvertently received a document from a non-lawyer third party that appears to be privileged as to your clients," Harvest's counsel responded by making the following requests for information:

1. Send us the subject privileged document immediately.
2. Who is the "non-lawyer third party" that disclosed this privileged document?
3. When did your office take receipt of this privileged document?
4. How long has your office been in possession of this privileged document?
5. Who in your office has knowledge of this privileged document?
6. Was the privileged document reviewed by any person(s) in your office?
    1. If so, who has reviewed the document?
    2. When was the document reviewed?
7. Who in your office is aware that you are in possession of a privileged document?
8. Is there any retained consultant beyond your law firm's staff that is aware of the existence of this privileged document?
    1. If so, who?

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

2. Is that person also in possession of the privileged document?

9. Has any consultant beyond your law firm's staff reviewed any part of the privileged document?

1. If so, who?
2. If so, when did they review the privileged document?

10. How many documents are in your law firm's possession that were received from this non-lawyer third party who was in possession of a privileged document?

1. Has your office already begun to review additional documents received from this non-lawyer third party?

*See* Declaration of Sarah G. Odegaard, ¶ 4 & Ex. 2.[3]

Plaintiffs' counsel responded by stating that, in the intervening 24 hours, they had identified another **15** potentially privileged documents. While they provided copies of the 16 documents, and stated that they had been obtained on February 21, 2026, Plaintiffs' counsel refused to provide any further information, asserting "work product." *See* Odegaard Decl., ¶ 5 & Ex. 3.

Plaintiffs' counsel appears not to comprehend the gravity of the situation. These 200,000 documents are not equivalent to the name of a witness that was "inadvertently disclosed to them" *by their client* as in the case cited in the Request, *Aerojet-General Corp. v. Transport Indemnity Ins*., 18 Cal. App. 4th 966, 1004 (1993) (attorney received the name of a witness derived "through documents inadvertently transmitted to his client" by adverse party's insurance broker). They are in possession of an extensive trove of confidential and privileged documents obtained, not inadvertently through discovery (which has not yet commenced in this case), but through the unauthorized and surreptitious removal of those materials from Harvest's files. Yet

---

[3] After learning that Plaintiffs' counsel has possession of approximately 200,000 documents, Harvest's counsel supplemented this list of questions. Odegaard Decl., ¶ 6 & Ex. 4. At the time of this filing, Plaintiffs' counsel has not responded.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

their only concern appears to be that they have been "delayed" in reviewing these materials "before the current deadline for the filing of Plaintiffs' Consolidated Amended Complaint on March 6." Request, at 4:4-6. Indeed, when they first asked Harvest to "meet and confer," their specific request was "to meet and confer with you to determine if you will consent to our request for a continuance of the March 6 and April 3 deadlines by two weeks." Odegaard Decl., ¶ 3, Ex. 1. In other words, their concern is not how to mitigate the effects of the unauthorized taking of Harvest's confidential and privileged data. Instead, it is their express intention to propagate that wrongful taking by using whatever information they obtained to support their public filings in this case.

Unfortunately, such reckless conduct is reflective of a pattern of inappropriate conduct by Plaintiffs' counsel in this case. Among other things, just prior to disclosing their unauthorized procurement of Harvest's privileged documents, one of the name partners of the law firm representing Plaintiffs submitted a procedurally and substantively improper letter addressed to the Court through the Court's public ECF system. *See* ECF No. 49. The author of the letter is not a member of the State Bar of California, is not admitted to practice before this Court, and has not appeared as counsel for Plaintiffs in this case. Nevertheless, without seeking leave of Court to do so, the attorney apparently used her colleague's ECF credentials to submit a letter to the Court over her own signature for the ostensible purpose of providing an explanation of her bar status and history in other jurisdictions. This submission violates any number of procedural rules[4] and raises questions about the author's unauthorized practice of law in

[4] Among other things, the letter itself violates Local Rule 83-2.5 regarding how matters are to be presented to the Court ("Attorneys or parties to any action or proceeding shall refrain from writing letters to the judge. . . . All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules."), and the submission by a non-admitted attorney violates Local Rule 83-2.1.1.1 governing who may appear before the Court. The submission of this letter to the Court's electronic filing system through the use of a colleague's ECF credentials also appears to violate Local Rule 5-4.1

SNELL & WILMER L.L.P. LAW OFFICES 600 ANTON BLVD, SUITE 1400 COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER L.L.P. LAW OFFICES 600 ANTON BLVD, SUITE 1400 COSTA MESA, CALIFORNIA 92626-7689

the State of California and before this Court. Worse, perhaps, consistent with a strategy of trying to litigate this case in the media, the author inserted herself into the proceedings by first reciting her purported career achievements and then inappropriately vouching for the accuracy of Plaintiffs' allegations against defendant Havsgaard. While focused for the moment on the document misappropriation issue raised by the Request, Harvest also reserves all rights to seek appropriate relief in relation to the attorney's improper public submission to the Court.

Under the circumstances, Harvest respectfully requests that the Court (1) order that Plaintiffs' counsel cooperate in Harvest's investigation of the document issue, starting by answering the questions that have already been posed to them, and then (2) set a status conference on a date within the next 10-14 days so that the parties may report to the Court on the progress of that investigation and consider whether any relief may be appropriate with respect to the matters raised herein.

Dated: March 4, 2026

SNELL & WILMER L.L.P.

By: */s/ Howard M. Privette*
Howard M. Privette

Attorneys for Specially Appearing Defendants Harvest Christian Fellowship and Greg Laurie

---

("To file documents using the CM/ECF System, an attorney must obtain an individual account login and password from the federal judiciary's national Public Access to Court Electronic Records ("PACER") system (www.pacer.gov) and link this account to the Court's CM/ECF System.") and/or Local Rule 5-4.3.4(e) ("Unless otherwise ordered by the Court, a registered CM/ECF filer's PACER login and password may not be used to file a document on behalf of a party not represented by that registered CM/ECF filer.")